IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHRISTOPER SMITH AND NICOLE SMITH, HUSBAND and WIFE, and CHRISTOPHER SMITH AS NEXT FRIEND FOR MINORS C.B.Z.D., N.P.D. and A.L.O.M.S, | )<br>)<br>)<br>)<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Case No. 23-CV-53-RAW-GLJ |
| | ) |
| OAK CREEK HOMES, LLC, NATIONWIDE HOUSING SYSTEMS LLC d/b/a OAK CREEK HOME CENTER, NATIONWIDE HOUSING SYSTEMS, L.P., OAK CREEK HOMES OF FORT WORTH, HSTR GENERAL HOLDINGS, INC., AMERICAN GENERAL HOLDINGS, INC., AMERICAN HOMESTAR CORPORATION, and 21st CENTURY MORTGAGE CORPORATION, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

**REPORT AND RECOMMENDATION**

Before the Court is Plaintiffs' Motion for Leave to File Second Amended Complaint ("Motion to Amend") [Docket No. 25] and Plaintiffs' Motion to Strike and Brief in Support Thereof ("Motion to Strike") [Docket No. 45]. Plaintiffs brought this action for claims arising out of the purchase of a manufactured home. On April 4, 2023, the Court referred this case to the undersigned Magistrate Judge for all further proceedings in accordance with

1

jurisdiction pursuant to 28 U.S.C. § 636 [Dkt. 36]. Plaintiffs now seek leave to file a second amended complaint to add additional plaintiffs who also purchased homes from or that were manufactured by one or more of the defendants. For the reasons stated below, the undersigned Magistrate Judge recommends that the Motion to Amend be GRANTED and the Motion to Strike be GRANTED IN PART and DENIED IN PART.

## PROCEDURAL HISTORY

Plaintiffs originally filed a lawsuit in McCurtain County District Court, Oklahoma, against Oak Creek Homes, LLC, Nationwide Housing Systems, LLC d/b/a Oak Creek Home Center, Nationwide Housing Systems, L.P., and Oak Creek Homes of Fort Worth (collectively, the "Original Defendants"). *See* Docket No. 2-2. Plaintiffs asserted claims for breach of contract, breach of warranty, fraud/deceit, recession, and consumer protection violation/deceptive trade practice. *Id*. After Original Defendants removed the action to this Court, Plaintiffs subsequently filed their First Amended Complaint, in which they assert the same claims, but add HSTR General Holdings, Inc., American Homestar Corporation and 21st Century Mortgage Corporation as additional defendants. *See* Docket No. 24.[1] Plaintiffs also filed the Motion to Amend, which seeks to add the following new plaintiffs: Christopher and Lauren Somers, husband and wife, and Christopher Somers as next of friend for minors S.R.G., D.J.G., W.C.S., and I.R.S. ("Somers' Plaintiffs") and

---

[1] Although Original Defendants filed a Motion to Dismiss Plaintiffs' minor children from the original removed petition, *see* Docket No. 5, they did not file such a motion after the Amended Complaint was filed, nor have they answered the Amended Complaint. HSTR General Holdings, Inc., American Homestar Corporation and 21st Century Mortgage Corporation each answered the Amended Complaint. *See* Docket Nos. 44, 46 & 47.

2

Jamie Ranford ("Ranford"). *See* Docket No. 25. Plaintiffs attached a proposed second amended complaint to their Motion to Amend. *Id*. at 25-1. After Defendants responded to Plaintiffs' Motion to Amend, *see* Docket No. 40, Plaintiffs filed the Motion to Strike, which objects to and seeks to strike various documents attached to and arguments made in Defendants' Response to the Motion to Amend. *See* Docket No. 45. Plaintiffs also attached a modified proposed second amended complaint to their Motion to Strike, which would add yet another defendant, American Homestar of Lancaster, LLC. *Id* at No. 45-2.

## BACKGROUND

*Smith Plaintiffs*

Christopher and Nicole Smith (the "Smiths") entered into a final sales order with Nationwide Housing Systems LLC d/b/a Oak Creek Home Center in Tulsa, Oklahoma on June 20, 2022 for a home that was a model Classic II 5079, 30' x 78', with four bedrooms and three baths ("Smith Home"). *See* Docket No. 40-1, p. 2. The salesman for the Smith Home was Justin Henry and the Manager was Rhonda Perkins. *Id*. The manufacturer of the Smith Home was Oak Creek Homes of Fort Worth. *Id*.

At some point after completion of the Smith Home, the Smiths allege they discovered the following issues with their home: water leaks and damage caused by water leaks; extensive damage to the floors, fireplace and fixtures throughout the home; unlevel, sinking and improperly supported floors; windows that will not fully open, close or lock; and severe plumbing and electrical issues. *See* Docket No. 45-2 at ¶¶ 23-27.[2] Some of

---

[2] For ease of reference, the undersigned Magistrate Judge references to Plaintiffs most recent proposed Amended Complaint attached to their Motion to Strike.

these issues were identified by an independent inspector. *Id*. at ¶ 27. Plaintiffs allege that although no final walk through was conducted, Defendants represented that one had been performed. *Id*. at ¶ 25. Additionally, Plaintiffs allege that, although they informed Defendants of these defects, Defendants failed or refused to make the necessary repairs. Plaintiffs allege that, because of the defects, the Smith Home cannot pass required inspections and is uninhabitable, and they have not moved into it. *Id*. at ¶¶ 29 & 30.

*Somers Plaintiffs*

Christopher and Lauren Somers (the "Somers") entered into a final sales order with Nationwide Housing Systems LLC d/b/a Oak Creek Home Center in Oklahoma City, Oklahoma on December 10, 2021 for a home that was a model Oak Manor T66A, 32' x 66', with four bedrooms and two baths ("Somers Home"). *See* Docket No. 40-1, p. 3. The salesman for the Somers Home was David Holley and the Manager was Matt Posey. *Id*. The manufacturer of the Somers Home was Oak Creek Homes of Lancaster. *Id*. The Somers closed on the loan documents for the Somers Home with 21st Century Mortgage Corporation. *See* Docket No. 45-2 at ¶ 33.

At some point after delivery and installation of the Somers Home, the Somers allege they discovered the following issues with their home: water leaks and damage caused by the water leaks; two sides of the home are bowing in; incorrect trim and siding; structural cracks in the floor and walls; flooring is coming up in places; doors unable to open and close properly; fireplace was incorrectly installed and is unusable; electrical issues, including receiving shocks when touching light switches and fixtures, a non-GFI outlet installed directly under the bathtub in the master bath, and non-GFI outlets installed near

4

plumbing throughout the home; and a defective HVAC system. *See* Docket No. 45-2 at ¶¶ 37-44. Some of these issues were identified by an independent inspector. *Id*. at ¶ 47. The Somers allege that although no final walk through was conducted, Defendants represented that one had been performed. *Id*. at ¶ 45. Additionally, the Somers allege that, although they informed Defendants of these defects, Defendants failed or refused to make the necessary repairs. *Id*. at ¶¶ 49-50. The Somers allege that, because of the defects, the Somers Home cannot pass required inspections, although they live in the home because they cannot afford alternative housing. *Id*. at ¶¶ 50-51.

<u>Ranford</u>

Ranford entered into a final sales order with Nationwide Housing Systems LLC d/b/a Oak Creek Home Center in Oklahoma City, Oklahoma on November 17, 2021 for a home that was a model Gold Spur 5616, 16' x 76', with three bedrooms and two baths ("Ranford Home"). *See* Docket No. 40-1, p. 4. The salesman for the Ranford Home was Eric Sizemore and the Manager was Matt Posey. *Id*. The manufacturer of the Ranford Home was Oak Creek Homes of Fort Worth. *Id*. Ranford closed on the loan documents for the Ranford Home with 21st Century Mortgage Corporation. *See* Docket No. 45-2 at ¶ 54.

At some point after delivery and installation of the Ranford Home, Ranford alleges she discovered the following issues with her home: the home was set several inches too high, causing the stairs into the home to be inaccessible; structural cracks in the floor and walls; flooring coming up in places; doors unable to close and open properly; grout coming off tiled areas; the fireplace installed incorrectly and being unusable; major plumbing and

electrical issues; the home is unlevel; improperly supported floors that are sinking; areas caving in; windows that will not fully open, close or lock; water damage; and electrical and wiring that is not compliant with safety codes *See* Docket No. 45-2 at ¶¶ 56-59 and 65. Ranford also discovered that the pad site where the home was to sit was dug out incorrectly, causing drainage issues, and the frame of the Ranford Home is too small, causing it to be unlevel. *Id*. at ¶¶ 66-67. Some of these issues were identified by independent inspectors. *Id*. at ¶¶ 65 &67. Ranford alleges that although no final walk through was conducted, Defendants represented that one had been performed. *Id*. at ¶ 63. Additionally, Ranford alleges that, although she informed Defendants of these defects, Defendants sent an unlicensed handyman to attempt to make some repairs, but failed or refused to make the necessary repairs. *Id*. at ¶¶ 61, 64 & 68. Ranford alleges that, because of the defects, the Ranford Home cannot pass required inspections, although she lives in the home because she cannot afford alternative housing. *Id*. at ¶¶ 68-69.

*Allegations Common to All Plaintiffs*

The proposed second amended complaint also alleges certain facts common to all the proposed plaintiffs. The allegations include that each of the contracts for the Smith Home, the Somers Home and the Ranford Home contained the same express and implied warranties, including that the Defendants would use professional workmanship and skill in the manufacture, delivery and installation of the homes and as to the quality of construction and the fitness of the homes for each plaintiffs' particular purpose. *Id*. at ¶¶ 71-72. These limited warranties were for a period of one year after the closing of the purchase of the homes. *Id*. at ¶ 73. The proposed second amended complaint also alleges that

Defendants' representatives made material representations to the various plaintiff that were false and/or omitted certain material information from the plaintiffs, including the quality and workmanship of the homes and that the installation of the homes would be completed by licensed contractors. *Id*. at ¶¶ 79, 81-82. The proposed second amended complaint also alleges that the homes were not completed by licensed contractors and that Defendants are engaging in delaying tactics to allow the one-year warranty to expire. *Id*. at ¶¶ 78 & 82.

## ANALYSIS

### I. MOTION TO STRIKE

The Plaintiffs seek to strike the attachments to and certain arguments made in Original Defendants' Response to the Motion to Amend ("Response") pursuant to Fed. R. Civ. P. 12(f). The final sales order for all three home purchases and what are labeled as arbitration agreement addendums for the Smiths', the Somers' and Ranford's home purchases are attached to the Response. *See* Docket No. 40-3 at Exhibits A-D. Original Defendants cite to the final sales orders to assert that these are separate contracts with distinct differences, such that joinder of the additional plaintiffs would be improper. *See* Docket No. 40, pp. 2-3. Original Defendants cite to the arbitration agreement addendums to argue that the Court should resolve the "threshold issue" of arbitrability of the claims in the proposed second amended complaint before ruling on the Motion for Leave. *Id*. at p. 4.

Rule 12(f) of the Federal Rules of Civil Procedures provides that the "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." "While motions to strike are generally disfavored, the decision to

7

grant a motion to strike is within the discretion of the court." *Scherer v. U.S. Dep't of Educ.*, 78 F. App'x 687, 689 (10th Cir. 2003) (unpublished). *See also* 5C C. Wright & A. Miller, Federal Practice & Procedure § 1382, at 433-36 (3d. ed. 2004) ("[t]he district court possesses considerable discretion in disposing of a Rule 12(f) motion to strike redundant, impertinent, immaterial, or scandalous matter. However, . . . there appears to be general judicial agreement, as reflected in the extensive case law on the subject, that they should be denied unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy") (footnotes omitted). Moreover, "[a]llegations will not be stricken as immaterial under this rule unless they have no possible bearing on the controversy." *Estate of Gonzales v. AAA Life Ins. Co.*, 2012 WL 1684599, at *5 (D.N.M. May 8, 2012) (internal quotation marks omitted).

In this instance, the Plaintiffs seek to strike two types of materials and arguments. The first type is the final sales orders for the homes. These materials, however, are directly related to the controversy and are referenced in the proposed second amended complaint, at least by general reference to the contracts for the purchase of the homes. While the final sales orders do not appear to be the entirety of the contracts involved in the purchases, they provide some information relevant to the controversy. Thus, the final sales orders are related to and have a logical connection to the dispute. Therefore, the Motion to Strike is denied as to the final sales orders attached to the Response. *See* Docket No. 40-1, Exhibit A.

The second type of materials the Plaintiffs seek to strike are the arbitration agreement addendums and Original Defendants' argument that determining the

arbitrability of the dispute is a threshold issue. The undersigned Magistrate Judge first notes that the issue of the arbitrability of the dispute is not presently before the Court. When an issue is referable to arbitration, a court, under the Federal Arbitration Act (FAA), 9 U.S.C. §§ 1–16, "shall, **on application** of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the [arbitration] agreement, providing the applicant for the stay is not in default in proceeding with such arbitration." *Id*. § 3 (emphasis added). Additionally, "[a] party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration **may petition** any United States district court" for an order compelling arbitration. *Id*. § 4. *See also KPMG LLP v. Cocchi*, 565 U.S. 18, 22 (2011) ("the Act requires courts to 'compel arbitration of pendent arbitrable claims when one of the parties files a motion to compel, even where the result would be the possibly inefficient maintenance of separate proceedings in different forums.'") (quoting *Dean Witter Reynold Inc. v. Byrd*, 470 U.S. 213, 217 (1985)). Original Defendants have not filed a motion to compel arbitration and, thus, the Court has nothing before it to consider any issue of arbitrability of the dispute. Moreover, to the extent Original Defendants intend this Court to read the Response as including a motion to compel arbitration, such a request is contrary to LCvR 7.1(b), which provides that each motion shall be a separate pleading. Therefore, the Motion to Strike is granted as to the attached arbitration agreement addendums, s*ee* Docket No. 40-3 at Exhibits C-D, and any argument related to such arbitration agreements.

## II. MOTION TO AMEND

"Rule 15(a) provides that leave to amend 'shall be freely given when justice so requires.' Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993) (quoting Fed. R. Civ. Pr. 15(a)). The United States Supreme Court has held that courts must heed the "mandate" of Rule 15(a) in granting leave to amend. *Foman v. Davis*, 371 U.S. 178, 182 (1962). This policy of liberal amendments, however, is not without its limits. It is implicit in Rule 15 that Plaintiffs may amend their complaint only to add matters that would have been proper to include in the original complaint. *Murray v. Sevier*, 145 F.R.D. 563, 568 (D. Kan. 1993) (citations omitted). Thus, when a court is faced with a motion to amend that seeks to join additional plaintiffs, the Court must consider not only the liberal amendment provisions of Rule 15(a), but also the joinder provisions of Rule 20(a): "All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action." Fed. R. Civ. P. 20(a).

Permissive joinder is thus proper under Rule 20(a) when two requirements are met. First, the claims must "arise out of the same transaction, occurrence, or series of transactions or occurrences." *Id*. Courts consistently hold that "'[t]ransaction' is a word of flexible meaning. It may comprehend a series of many occurrences, depending not so

much upon the immediateness of their connection as upon their logical relationship." *Sprint Communications Co., L.P. v. Theglobe.com, Inc.*, 233 F.R.D. 615, 617 (D. Kan. 2006) (citing *DIRECTV, Inc. v. Barrett*, 220 F.R.D. 630, 631 (D. Kan. 2004) (quoting *Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974)). This interpretation is bolstered by the observation that "language in a number of decisions suggests that the courts are inclined to find that claims arise out of the same transaction or occurrence when the likelihood of overlapping proof and duplication in testimony indicates that separate trials would result in delay, inconvenience, and added expense to the parties and to the court." *Id*. (citing 7 Chares Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure §1653). The second requirement of Rule 20 is a common question of law or fact. Fed. R. Civ. P. 20(a). Some, not all, questions of law or fact must be common. *Theglobe.com*, 233 F.R.D. at 617 (citing *Mosely*, 497 F.2d at 1334).

The proposed second amended complaint would add the Somers Plaintiffs, which consist of a husband and wife and their four minor children, and Ranford, who bought manufactured homes from and that were built, delivered and installed by one or more of the Defendants. The Plaintiffs assert that all plaintiffs will assert the same claims against Defendants under a common set of facts sufficiently related for the purpose of permissive joinder. In response, Original Defendants assert that the newly proposed plaintiffs purchased homes that are different models than the Smith Home, engaged with different sales staff, purchased their homes from the Oak Creek Home Center in Oklahoma City, rather than Tulsa, where the Smiths purchased their home, and all the homes were delivered to and installed at different locations in Oklahoma.

While the proposed second amended complaint is vague as to the specific defendants against whom many of the allegations are made and some defendants are never mentioned beyond being identified in the jurisdiction and venue section, the claims of the Plaintiffs and the proposed plaintiffs arise out of the same transaction, occurrence, or series of transactions or occurrences and have a logical relationship. This is true even though the Smiths, the Somers and Ranford each had separate contracts to purchase their homes, and neither the homes nor all the complaints related to their homes are identical. Nonetheless, there is plainly a logical relationship to the claims asserted by the Smiths, Somers and Ranford. *See e.g. Hinson v. Norwest Financial South Carolina, Inc.*, 239 F.3d 611, 618 (4th Cir. 2001) (no abuse of discretion for allowing joinder of seven new plaintiffs in Truth In Lending Act case despite the fact that each plaintiff had a separate loan transaction, where each loan transaction involved the same alleged violations and similar principles of law would apply to all plaintiffs' claims); *Grover v. BMW of North America, LLC*, 434 F.Supp.3d 617, 623-24 (N.D. Ohio 2020) (though plaintiffs bought their cars at different dealerships in different years, permissive joinder was still proper because their defective engine claims all arose from the same factual occurrences). In this matter, all the homes were purchased from Nationwide Housing Systems LLC, d/b/a Oak Creek Home Center, the express and implied warranties are alleged to be the same for all three home purchases, all three homes experienced similar, although not identical issues and defects, the Defendants allegedly failed or refused to repair the defects after notice, and all three homes were manufactured by entities owned or controlled by one or more of the Defendants. Additionally, although the salesmen involved in each purchase were different, many of the

fact issues with respect to the manufacturing, delivery and installation of each of the homes and the representations made to the plaintiffs will involve many of the same witnesses and evidence. Lastly, all the plaintiffs will assert the same claims against the Defendants and, therefore, there will be numerous questions of law and fact that are common.

The undersigned Magistrate Judge is nonetheless mindful of the fact that the proposed second amended complaint, as currently drafted, has issues that may give rise to subsequent motions. For example, the Somers Plaintiffs, like the Plaintiffs, include minor children who are not alleged to have capacity to or privity of contract, or any other direct connection to the alleged claims that are based on contacts with or representations or omissions made by the Defendants. Similarly, several of the defendants are not alleged to have any obvious connection to the relevant events giving rise to the claims other than having some type of ownership affiliation with one or more of the other defendants. Notwithstanding these issues, a fair reading of Rule 15 and 20's liberal right to amend and joinder support the rules' purpose "to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *SCO Grp., Inc. v. Int'l Bus. Machines Corp.*, 879 F.3d 1062, 1085 (10th Cir. 2018) (internal quotation marks omitted). The court may refuse leave to amend "only [upon] a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010); *see also Foman*, 371 U.S. at 182 (same). Original Defendants do not provide any basis for prejudice or undue delay by permitting the joinder. Indeed, considering the significant overlap in claims, likely evidence and

13

witness, joining all the plaintiffs in a single action, particularly for discovery, is the best way to promote "[t]he spirit underlying the permissive joinder doctrine [which] is to promote efficiency, convenience, consistency, and fundamental fairness." *Nelson v. Aim Advisors, Inc.*, 2002 WL 442189 *2 (S.D. Ill. 2002). At this earlier stage of the proceeding, the undersigned Magistrate Judge thus finds that joining the additional plaintiffs will promote the Rules' purpose of promoting judicial efficiency. *Noecker v.* Escobedo, 593 F..Supp.3d 1103, 1108 (W.D. Okla. 2020) ("The words 'transaction' and 'occurrence' capture 'logically related events' and are meant to be read broadly when doing so will promote judicial efficiency") (quoting *In re Prempro Prods. Liab. Litig.*, 592 F.3d 613, 622 (8th Cir. 2020).

## **CONCLUSION**

Accordingly, the undersigned Magistrate Judge hereby RECOMMENDS that the Plaintiffs Motion for Leave to File Second Amended Complaint [Docket. No. 25] be GRANTED and that the Plaintiff's Motion to Strike and Brief in Support Thereof [Docket No. 45] be GRANTED IN PART and DENIED IN PART.  The undersigned Magistrate Judger further recommends that Plaintiffs be directed to file the Second Amended Complaint within two business days upon adoption of this Report and Recommendation. Any objections to this Report and Recommendation must be filed within fourteen days. *See* 18 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Any objection and response shall each be limited to 10 pages and a reply is permitted only with leave of court upon a showing of good cause.

IT IS SO ORDERED this 12th day of May, 2023.

_____
**GERALD L. JACKSON**
**UNITED STATES MAGISTRATE JUDGE**