# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **CHRISTOPHER SMITH and** | ) |
| **NICOLE SMITH, et al.,** | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. CIV-23-053-RAW-GLJ |
| | ) |
| **OAK CREEK HOMES, LLC, et al.,** | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the court are the objections of the defendants to the Report and Recommendation of the United States Magistrate Judge. Plaintiffs commenced this action in McCurtain County in Oklahoma state court for claims arising out of the purchase of a manufactured home. Plaintiffs filed an amended complaint, and then filed a motion to file second amended complaint. Defendants filed responses to the motion, and plaintiff filed a motion to strike various documents attached to and arguments made in that response. The undersigned referred this case to Magistrate Judge Jackson (#36). In due course, he issued a Report and Recommendation (#53). He recommended the motion to file second amended complaint be granted and that the motion to strike be granted in part and denied in part.

Defendants having filed timely objections, the court must conduct a de novo review of the issues specifically raised by the objection, and may accept, modify, or reject the recommended disposition. *See* 28 U.S.C. §636(b)(1); Rule 72(b)(3) F.R.Cv.P.  Plaintiffs have not filed a response to the objections.

The proposed second amended complaint would add seven new plaintiffs (who also allegedly purchased manufactured homes) and one new different defendant but does not alter the causes of action.  In opposing the motion to file second amended complaint, defendants cited the arbitration agreement addendums to the sales contracts and said this issue should be resolved first.  The Magistrate Judge noted that defendants had not filed a motion to compel arbitration and therefore this was no impediment (#53 at 9).  After the Report and Recommendation was filed, defendants then filed a motion to compel arbitration (#57) as to the claims of the Smiths (the original plaintiffs).

Defendants argue that the filing of a motion to compel arbitration supersedes consideration of the motion to file amended complaint.  The undersigned considers this issue afresh, in that it was obviously not before the Magistrate Judge.  The undersigned declines to accede to defendants' position.  Courts should "freely give leave [to amend] when justice so requires." Rule 15(a)(2) F.R.Cv.P.  Courts should grant amendments to the pleadings in the absence of undue delay, prejudice, futility, failure to cure deficiencies by amendments previously allowed, or bad faith.  *See Bylin v. Billings,* 568 F.3d 1224, 1229 (10th Cir.2009). This court might make a finding of bad faith if the motion to amend complaint were filed

<u>after</u> the filing of a motion to compel arbitration and constituted an attempt to evade arbitration. Here, the motion to file second amended complaint was filed before the motion to compel. The latter motion was filed after the Report and Recommendation noted the absence of such a motion. The undersigned concludes the motion to amend takes precedence.

Defendants reiterate objections they made to the motion to amend, which also invoked Rule 20(a) involving joinder. The Magistrate Judge rejected these arguments, finding that although the proposed second amended complaint is vague in parts, "there is plainly a logical relationship to the claims asserted by the Smiths, Somers and Ranford." (#53 at 12). He also noted the purpose of Rule 15 and Rule 20's liberal right to amend is to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties. *Id.* at 13 (quoting *SCO Grp., Inc. v. Int'l Bus. Machines Corp.,* 879 F.3d 1062, 1085 (10th Cir.2018)). Also, judicial efficiency is promoted (*Id.* at 14). The undersigned agrees with this analysis and conclusion.

Defendants have not objected to the portion of the Report and Recommendation dealing with plaintiffs' motion to strike. Upon review, the court finds "there is no clear error on the face of the record." Rule 72(b), Advisory Committee Notes, 1983 Addition.

Despite permitting the filing of a second amended complaint, the undersigned declines to find the motion to compel arbitration moot. The second amended complaint does not appear to affect the claims by the Smiths themselves, and therefore the motion to compel

arbitration may still be viable. The undersigned would prefer the Magistrate Judge address this in the first instance. Indeed, defendants may well file additional motions to compel arbitration as to the newly added plaintiffs in the second amended complaint.

It is the order of the court that the objections of the defendants (##59 & 60) are hereby denied. The Report and Recommendation (#53) is affirmed and adopted as the order of the court. The motion of the plaintiff to file second amended complaint (#25) is granted. The Report and Recommendation stated that the second amended complaint shall be filed within two business days upon adoption of the Report and Recommendation. The undersigned hesitates to impose this time limit, however, in light of plaintiffs' recent motion to add defendants (#67), in which plaintiffs seek to add one additional defendant. Again, the Magistrate Judge should address this in the first instance.

The motion of the plaintiff to strike (#45) is granted as to the arbitration agreement addendums (#40-3 at Exhibits C-D) and is denied as to the final sales orders (#40-1 at Exhbit A). The striking of the arbitration agreement addendums is without prejudice to reasserting them in support of the now-filed motion to compel arbitration.

**IT IS SO ORDERED** this 5th day of SEPTEMBER, 2023.

_____
**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**