IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **CHRISTOPHER SMITH AND NICOLE SMITH, HUSBAND AND WIFE, AND CHRISTOPHER SMITH AS NEXT FRIEND FOR MINORS C.B.Z.D., N.P.D. AND A.L.O.M.S.; AND CHRISTOPHER AND LAUREN SOMERS, HUSBAND AND WIFE, AND CHRISTOPHER SOMERS AS NEXT OF FRIEND FOR MINORS S.R.G., D.J.G., W.C.S., AND I.R.S.; AND JAMIE RANFORD** | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| **Plaintiffs,** | ) ) |
| v. | ) ) |
| **OAK CREEK HOMES, LLC, NATIONWIDE HOUSING SYSTEMS LLC d/b/a OAK CREEK HOME CENTER, NATIONWIDE HOUSING SYSTEMS, L.P., OAK CREEK HOMES OF FORT WORTH, HSTR GENERAL HOLDINGS, INC., AMERICAN GENERAL HOLDINGS, INC., AMERICAN HOMESTAR CORPORATION, AND 21st MORTGAGE CORPORATION,** | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| **Defendants.** | ) |

Case No. 23-CV-53-RAW-GLJ

## **REPORT AND RECOMMENDATION**

Before the Court is Plaintiffs' Motion for Leave to Amend Complaint and Add Defendants [Docket No.77]. Plaintiffs brought this action for claims arising out of several

1

purchases of defective manufactured homes. On April 4, 2023, the Court referred this case to the undersigned Magistrate Judge for all further proceedings in accordance with jurisdiction pursuant to 28 U.S.C. § 636 [Docket No. 36]. Plaintiffs now seek leave to file a fourth amended complaint to add Western Insurance Agency, Inc. ("Western Insurance") and American Homestar of Lancaster, LLC, ("Lancaster") as defendants and add causes of action for violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), negligence, and negligence per se. For the reasons stated below, the undersigned Magistrate Judge recommends that Plaintiffs' Motion for Leave to Amend Complaint and Add Defendants be GRANTED IN PART and DENIED IN PART.

## BACKGROUND

Over the span of approximately nine months each of the Plaintiffs entered into a final sales order with Nationwide Housing Systems, LLC d/b/a Oak Creek Home Center ("Oak Creek Home Center") for the construction and delivery of a modular home. Docket 77-1. First, Christopher and Lauren Somers (the "Somers") entered into a final sales order with Oak Creek Home Center in Oklahoma City, Oklahoma, for a modular home ("Somers Home") on September 28, 2021. Docket No. 77-1 at ¶ 35. Then, on October 18, 2021, Jamie Ranford entered into a final sales order with Oak Creek Home Center in Oklahoma City, Oklahoma for a modular home ("Ranford Home"). Docket No. 77-1, ¶ 58. Lastly, in June 2022, Christopher and Nicole Smith (the "Smiths"), entered into a final sales order with Oak Creek Home Center in Tulsa, Oklahoma for a modular home ("Smith Home"). Docket No. 77-1 at ¶ 20. At the time of each of these sales, each of the Plaintiffs were allegedly forced to purchase insurance from "Defendants" and include the price of the

insurance in their respective mortgages. Docket No. 77-1, ¶¶ 23, 39 & 60. According to the proposed complaint all of Plaintiffs' homes were manufactured by Oak Creek Homes of Fort Worth, and all Plaintiffs experienced numerous defects with their homes upon delivery. *See* Docket 77-1. Each of the Plaintiffs contacted Defendants regarding the defects; however, none of the defects were ever repaired. *Id*.

Plaintiffs originally filed a lawsuit in McCurtain County District Court, Oklahoma, against Oak Creek Homes, LLC, Nationwide Housing Systems, LLC d/b/a Oak Creek Home Center, Nationwide Housing Systems, L.P., and Oak Creek Homes of Fort Worth. Docket No. 2-2. Plaintiffs asserted claims for breach of contract, breach of warranty, fraud/deceit, recession, and consumer protection violation/deceptive trade practice. *Id*. After the action was removed to this Court, Plaintiffs subsequently filed their First Amended Complaint, in which they asserted the same claims, but added HSTR General Holdings, Inc., American Homestar Corporation and 21st Mortgage Corporation as additional defendants. *See* Docket No. 24. Contemporaneously, Plaintiffs also filed their Motion for Leave to File a Second Amended Complaint which sought to add the following new plaintiffs: Christopher and Lauren Somers, husband and wife, and Christopher Somers as next of friend for minors S.R.G., D.J.G., W.C.S., and I.R.S. and Jamie Ranford. *See* Docket No. 25.

Defendants, Nationwide Housing Systems, LLC and Oak Creek Homes, LLC, filed a Response in Opposition to Plaintiffs' Motion for Leave to File Second Amended Complaint in which they noted Plaintiffs did not name the manufacturer of the Somers' home, American Homestar of Lancaster, LLC, in the proposed second amended complaint

3

attached to their Motion for Leave. *See* Docket No. 40, p.3. In response, Plaintiffs filed a Motion to Strike and Brief in Support Thereof and attached another proposed Second Amended Complaint thereto adding American Homestar of Lancaster, LLC as a proposed defendant. *See* Docket No. 45-2.

The Court granted Plaintiffs' Motion for Leave to File Second Amended Complaint and granted in part and denied in part Plaintiffs' Motion to Strike and Brief in Support Thereof. Docket No. 69. Plaintiffs filed a Second Amended Complaint entirely different from the proposed Complaint that was attached to Plaintiffs Motion for Leave to File Second Amended Complaint (Docket No. 25) and the Complaint that was attached to Plaintiffs' Motion to Strike and Brief in Support Thereof (Docket No. 45-2). *See* Docket No. 70. Accordingly, the Court struck Plaintiffs' Second Amended Complaint and instructed Plaintiffs to file a Third Amended Complaint as attached to the Motion for Leave to File Second Amended Complaint (Docket No. 25). *See* Docket No. 73.

On September 13, 2023, Plaintiffs filed their Third Amended Complaint. Docket No. 74. Subsequently, Plaintiffs filed a Motion for Leave to Amend Complaint and Add Defendants seeking to add Lancaster and Western Insurance as Defendants and add causes of action for "respondeat superior,"[1] negligence, and negligence per se.

**ANALYSIS**

"Rule 15(a) provides that leave to amend 'shall be freely given when justice so requires.' Refusing leave to amend is generally only justified upon a showing of undue

---

[1] Plaintiffs' fifth cause of action appears to be a claim for violation of RICO despite being labeled "respondeat superior."

delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed or futility of amendment." *Frank v. U.S. West Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993) (quoting FED. R. CIV. P. 15(a)). Further, it is implicit in Rule 15 that Plaintiffs may amend their complaint only to add matters that would have been proper to include in the original complaint. *Murray v. Sevier*, 145 F.R.D. 563, 568 (D. Kan. 1993) (citations omitted).

I. **JOINDER OF DEFENDANTS**

When a court is presented with a motion to amend that seeks to join additional defendants, the Court must consider not only the liberal amendment provisions of Rule 15(a), but also the joinder provisions of Rule 19 and 20.

Plaintiffs invoke Rule 19 by asserting that Lancaster and Western Insurance are necessary parties that must be joined.[2] Docket 77, pp. 2-3. However, Plaintiffs do not address the Rule 19 requirements for necessary parties. *See Id.* Rule 19(a) provides, in pertinent part, that a necessary party is one in which "(A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject matter of the action . . ." FED. R. CIV. P. 19. Plaintiffs have not presented any reason as to why complete relief could not be afforded to Plaintiffs in the

---

[2] Plaintiffs cite to OKLA. STAT. tit. 12, § 2019 as the applicable statute for joinder of necessary parties. However, "the Supreme Court [has] 'held that federal courts adjudicating diversity jurisdiction claims should apply substantive state law and federal procedural law." *Duff v. General Motors Corp.*, 962 F. Supp. 1420, 1423 (D. Kan. 1997) (quoting *Trierweiler v. Croxton & Trench Holding Corp.*, 90 F.3d 1523, 1539 (10th Cir. 1996)). "If a federal rule of procedure is on point, the federal rule applies[.]" *Id.* Here, Rule 19 is on point and is the appropriate joinder rule to be applied.

5

absence of Lancaster or Western Insurance. Further, neither Lancaster nor Western Insurance has claimed an interest relating to the subject matter of this action. Accordingly, these parties are not necessary parties that should be joined under Rule 19.

Nonetheless, Permissive joinder of defendants is proper under Rule 20(a) when two requirements are met. First, the claims must "arise out of the same transaction, occurrence, or series of transactions or occurrences." FED. R. CIV. P. 20(a). Courts consistently hold that "[t]ransaction is a word of flexible meaning. It may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship." *Sprint Commc'ns Co., L.P. v. Theglobe.com, Inc.*, 233 F.R.D. 615, 617 (D. Kan. 2006) (citing *DIRECTV, Inc., v. Barrett*, 220 F.R.D. 630, 631 (D. Kan. 2004). "[C]ourts are inclined to find that claims arise out of the same transaction or occurrence when the likelihood of overlapping proof and duplication in testimony indicates that separate trials would result in delay, inconvenience, and added expense to the parties and to the court." *Id.* (citing 7 Chares Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure §1653). The second requirement of Rule 20 requires a determination whether "any common question of law or fact to all defendants will arise in the action." FED. R. CIV. P. 20(a). Some, not all, questions of law or fact must be common. *Theglobe.com*, 233 F.R.D. at 617 (citing *Mosely*, 497 F.2d at 1334).

Plaintiffs' proposed fourth amended complaint seeks to add American Homestar of Lancaster, LLC, and Western Insurance Agency, Inc. as defendants. Docket No. 77-1. The proposed complaint indicates that all Plaintiffs will assert the same claims against Lancaster and Western Insurance as those claims against all other current defendants. *See*

6

*Id.* Defendants assert that joinder of Lancaster and Western Insurance is improper under FED. R. CIV. P. 20 because Plaintiffs entered into separate contracts, engaged with different people, manufacturers and sales offices when they purchased their homes and, thus, the claims against the proposed defendants do not arise out of the same transaction, occurrence, or series of transactions or occurrences. Docket 86, p. 4.

<u>Western Insurance</u>

In this matter, all of the Plaintiffs: purchased their homes from Nationwide Housing Systems, LLC, d/b/a Oak Creek Home Center, encountered alleged manufacturing defects with their homes, and were forced to purchase insurance policies through Defendants which were subsequently included in the mortgage.[3] Docket 77-1 at ¶¶ 20, 35, 58; Docket No. 40, p. 3. It is also alleged that Defendants were in cahoots with one another to defraud, delay, and avoid repairing any of Plaintiffs' homes. Docket No. 77, ¶ 85-92.

Plaintiffs' claims against Western Insurance arise out of the same transaction, occurrence, or series of transactions or occurrences as Plaintiffs' claims against the current Defendants. This is true although Plaintiffs engaged with different salespersons, manufacturers, and sales offices. There is a clear and logical connection between the claims alleged against the current Defendants and Western Insurance. *See Bell v. Werner Enters., Inc.*, 2011 WL 1297115, *3 (N.D. W. Va. Apr. 5, 2011) (finding it proper to join claims against defendants arising out of separate car accidents); *Grover v. BMW of North America,*

---

[3] Presumably, the insurance Plaintiffs were forced to purchase was obtained through Western Insurance Agency, Inc. However, the proposed Fourth Amended Complaint never explicitly states as such.

*LLC*, 434 F. Supp. 3d 617, 623-24 (N.D. Ohio 2020) (though plaintiffs bought their cars at different dealerships in different years, permissive joinder was still proper because their defective engine claims all arose from the same factual occurrences). Furthermore, since Plaintiffs will assert the same claims against Western Insurance as those asserted against the current Defendants there will likely be several questions of law and fact that are common. Considering the likely significant overlap in claims, evidence, and witnesses, adding Western Insurance as a defendant is the best way "to promote efficiency, convenience, consistency, and fundamental fairness." *Nelson v. Aim Advisors, Inc.*, 2002 WL 442189 *2 (S.D. Ill. 2002).

However, "[a]lthough Fed. R. Civ. P. 15(a) provides that leave to amend shall be given freely, the district court may deny leave to amend where amendment would be futile." *Jefferson Cnty. Sch. Dist. V. Moody's Inv.'s Servs.*, 175 F.3d 848, 859 (10th Cir. 1999). Defendants imply that that granting Plaintiffs leave to amend to add defendants would be futile because "Plaintiffs have stated no actual claims against Western Insurance[.]" Docket No. 86, p. 3. The undersigned Magistrate Judge agrees – granting Plaintiffs leave to amend to add Western Insurance as a defendant is futile.

"A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Id.* (citing *TV Commc'ns Network, Inc., v. Turner Network Television, Inc.*, 964 F.2d 1022,1028 (10th Cir. 1992)). "The proposed pleading is . . . analyzed using the same standard as a motion to dismiss under Fed. R. Civ. P. 12(b)(6). When utilizing this standard, 'the court must accept as true all well-pleaded factual allegations and view them in the light most favorable to the pleading party.'" *Anderson v. Wichita Police Dep't*, 2020 WL

2065639, * 5 (D. Kan. Apr. 3, 2020) (quoting *Carefusion 213, LLC v. Pro. Disposables Inc.*, 2010 WL 400874 (D. Kan Oct. 12, 2010)). If the court concludes "the proposed claims do not contain enough facts to state a claim for relief that are plausible on their face, or the claims otherwise fail as a matter of law" the court may find that amendment is futile. *Carefusion 213, LLC*, 2010 WL 400874 at *5. But, "[i]f a proposed amendment is not clearly futile, then denial of leave to amend is improper." *Youngblood v. Qualls*, 308 F. Supp. 3d 1184, 1192 (D. Kan. 2018) (citing 6 Charles Alan Wright, et al., Federal Practice & Procedures § 1487 (3d ed. 2017)).

Under FED. R. CIV. P. 12(b)(6), "the complaint must contain 'enough facts to state a claim to relief that is plausible on its face.'" *Robbins v. Oklahoma*, 519 F.3d 1232, 1247 (10th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007)). The plausibility requirement "serves not only to weed out claims that do not . . . have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them 'Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests.'" *Robbins*, 519 F.3d at 1248 (quoting *Twombly*, 127 S. Ct. at 1965 n. 3).

Plaintiffs' proposed fourth amended complaint does not mention Western Insurance beyond the jurisdiction and venue section. *See* Docket 77-1. The proposed complaint can only be read to imply that Plaintiffs were forced to purchase insurance from Western Insurance while purchasing their homes. Docket No. 77-1 ¶¶ 23, 39, 60. However, outside of this inference, all of the allegations against Western Insurance are included in allegations

against "all Defendants." These collective allegations fail to delineate the actions or omissions of Western Insurance and, thus, fail to provide Western Insurance fair notice of the claims alleged against it.

As such, the undersigned Magistrate Judge finds that granting leave to amend to add Western Insurance would be futile because the complaint, as amended, would be subject to dismissal for violating Rule 8(a)(2). *Robbins*, 519 F.3d at 1250. ("Given the complaint's use of either the collective term Defendants' or a list of the defendants named individually but with no distinction as to what acts are attributable to whom, it is impossible for any of these individuals to ascertain what particular unconstitutional acts they are alleged to have committed."); *Atuahene v. City of Hartford*, 10 Fed. App'x 33, 34 (2d Cir. 2001) (affirming a motion to dismiss for failure to provide fair notice under Rule 8, in part, because "[t]he complaint failed to differentiate among the defendants, alleging instead violations by 'the defendants'").

<u>Lancaster</u>

Similarly, as a result of the vague and conclusory allegations in the proposed complaint, it is impossible to determine whether the claims against Lancaster arise out of the same transaction, occurrence, or series of transactions or occurrences as the claims against the current Defendants. Like Western Insurance, Lancaster is not mentioned explicitly beyond the jurisdiction and venue section of the proposed complaint. However, unlike Western Insurance, the proposed complaint contains no inferences that can be drawn with respect to Lancaster that would permit the Court to determine whether the collective allegations against Lancaster arise out of the same transaction or occurrence.

Defendants previously represented that Lancaster was the manufacturer of the Somers Home. Docket No. 40, p. 3. However, the critical issue at this juncture is that the Plaintiffs' Motion for Leave to Amend Complaint and Add Defendants alleges that the Somers Home was "manufactured, delivered, and installed by the Defendants, specifically Oak Creek Homes of Fort Worth." Docket 77-1 ¶ 35. Accordingly, since neither Plaintiffs' Motion for Leave to Amend Complaint and Add Defendants nor Plaintiffs' proposed fourth amended complaint contain any allegations or information pertaining to Lancaster, it cannot be assessed whether the claims against Lancaster arise out of the same transaction, occurrence, or series thereof. Therefore, the undersigned Magistrate Judge finds that Lancaster should not be joined as a defendant under FED. R. CIV. P. 20. *Heck v. Sutcliffe*, 2014 WL 1031112 *2 (D. Kan. Mar. 17, 2014) ("[B]ecause Defendant has failed to assert specific claims against Hawthorn, the Court cannot determine with certainty that any such right to relief Defendant may have against Hawthorn arises out of the same transaction, occurrence, or series of transactions or occurrences as the Relief Defendant seeks against Plaintiff."); *Carr v. True*, 2021 WL 3128691 *3 (D. Neb. July 23, 2021) ("Without knowing which Defendants committed which acts, the court cannot determine whether Plaintiff has asserted at least one claim that arises out of the same transaction or occurrence and presents question of law or fact common to all Defendants, as required by Rule 20.").

## II.  ADDITION OF CLAIMS

Plaintiffs also seek leave to amend to add causes of action for RICO violations, negligence, and negligence per se. Plaintiffs indicate that "the new allegations surrounding alleged violations of insurance and RICO laws are paramount to Plaintiffs' claims."

Defendants' response solely opposes the addition of Lancaster and Western Insurance as defendants and does not posit any arguments against permitting Plaintiffs to add these additional claims. *See* Docket No. 86. The undersigned Magistrate Judge recommends Plaintiffs be granted leave to amend to add these claims because there is no declared or immediately apparent reason that Plaintiffs should be denied leave and the amendment is not opposed. *See Foman v. Davis*, 371 U.S. 178, 83, S. Ct. 227 (1962) ("In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive . . . the leave sought should, as the rules require, be 'freely given'"); *see also Gardiner v. McBryde*, 2018 WL 6991101, *5 (D. Kan. Oct. 5, 2018) (granting plaintiff's motion for leave to amend to recast his claims for relief because defendants did not address the requested modification in their response and, thus, are not opposed).

## CONCLUSION

For the reasons stated herein, the undersigned Magistrate Judge hereby RECOMMENDS that Plaintiffs' Motion for Leave to Amend Complaint and Add Defendants [Docket No. 77] be GRANTED IN PART and DENIED IN PART. It is recommended that Plaintiffs be denied leave to add American Homestar of Lancaster, LLC, and Western Insurance Agency, Inc., as defendants, but be granted leave to amend their complaint to add causes of actions for RICO violations, negligence, and negligence per se. The undersigned Magistrate Judge further recommends that Plaintiffs be directed to file the Fourth Amended Complaint within seven days upon adoption of this Report and Recommendation. Additionally, upon the adoption of this Report and Recommendation, the undersigned Magistrate Judge recommends that Defendants' Motion to Compel

Arbitration and Brief in Support [Docket No. 57] and Motion for Leave to File Supplemental Brief in Response to Defendants' Motion to Compel Arbitration [Docket No. 78] be DENIED AS MOOT. Any objections to this Report and Recommendation must be filed within fourteen days. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Any objection and response shall each be limited to 10 pages and a reply is permitted only with leave of court upon a showing of good cause.

    IT IS SO ORDERED this 14th day of November 2023.

_____
**GERALD L. JACKSON**
**UNITED STATES MAGISTRATE JUDGE**