IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHRISTOPER SMITH AND NICOLE SMITH, et al., | ) ) ) |
| Plaintiffs, | ) ) ) Case No. CIV-23-53-RAW-GLJ |
| OAK CREEK HOMES, LLC, et al., | ) ) ) |
| Defendants. | ) ) |

## REPORT AND RECOMMENDATION

Before the Court is Defendants' Supplemental Motion to Compel Arbitration as to the Smith Plaintiffs and Initial Motion to Compel Arbitration as to the Ranford and Somers Plaintiffs and Brief in Support ("Motion to Compel") [Docket No. 97]. Plaintiffs brought this action for claims arising out of their purchase of manufactured homes. Docket No. 93. On April 4, 2023, the Court referred this case to the undersigned Magistrate Judge for all further proceedings in accordance with jurisdiction pursuant to 28 U.S.C. § 636. Docket No. 36. Defendants Oak Creek Homes, LLC, Nationwide Housing Systems, LLC, Nationwide Housing Systems, L.P., Oak Creek Homes of Fort Worth, HSTR General Holdings, Inc., and American Homestar Corporation ("Oak Creek Defendants") now seek an order to compel the claims of Christopher and Nicole Smith, Christopher and Lauren Somer, and Jamie Ranford (collectively "Adult Plaintiffs") to arbitration while staying the claims asserted by Christopher Smith as next friend for minors C.B.Z.D., N.P.D., and A.L.OM.S, and Christopher Somers as next friend for minors S.R.G., D.J.G., W.C.S., and

1

I.R.S. ("Minor Plaintiffs"). For the reasons stated below, the undersigned Magistrate Judge recommends that the Motion to Compel be GRANTED.[1]

## BACKGROUND AND PROCEDURAL HISTORY

Jamie R. Ranford ("Ranford"), Christopher and Lauren Somers (the "Somers"), and Christopher and Nicole Smith (the "Smiths"), entered into a final sales order with Nationwide Housing Systems LLC d/b/a Oak Creek Home Center on November 17, 2021, December 10, 2021, and June 20, 2022, respectively, for the manufacture, delivery, and installation of modular homes (the "Contracts"). Docket Nos. 97-1, pp. 4-6. In addition to executing the Contracts, Ranford, the Somers, and the Smiths each contemporaneously executed several related documents including an Arbitration Agreement Addendum ("Addendum"), Docket No. 97-1, pp. 7-15, a "New Manufactured Home Limited Warranty," Docket No. 99-1, and a "Home Guard 7-Year Home Service Registration."[2] Docket No. 99-2, p. 14. As the name suggests, the Addendum provides "that all claims, disputes, and controversies arising out of relating in any way to the sale, purchase, or

---

[1] The Tenth Circuit has not determined whether motions to compel arbitration are dispositive for purposes of 28 U.S.C. ¶ 636, and the district courts that have reviewed this issue have reached varying conclusions. *Compare Wilken Partners, L.P. v. Champps Operating Corp.*, 2011 WL 1257480, at *1 (D. Kan. Apr. 4, 2011) (The district courts that have considered the [n]ature of an order to stay proceedings pending arbitration and to compel arbitration have concluded that these are non-dispositive orders.") *with Coxcom, Inc. v. Egghead Telecom, Inc.*, 2009 WL 4016629, at *1 (N.D. Okla. Sept. 11, 2009) ("Courts generally regard a motion to compel arbitration either as a case dispositive matter or a matter not within the statutory authority of a U.S. Magistrate Judge to resolve by Order."). Accordingly, out of an abundance of caution, the undersigned Magistrate Judge issues a Report and Recommendation.

[2] Plaintiffs contend that Ranford, the Somers, and the Smiths all executed the New Manufactured Home Limited Warranty and the Home Guard 7-Year Home Services Registration. However, they have only presented this Court with documents executed by the Smith. Nonetheless, because it does not change the result, the Court proceeds as if all Adult Plaintiffs executed these agreements.

occupancy of the Home[s] . . .shall be resolved by binding arbitration."[3] Docket No. 97-1, pp. 8-15. Similarly, the New Manufactured Home Limited Warranty contains an arbitration clause ("Warranty Arbitration Clause") requiring "all disputes, claims or controversies of every kind or nature that may arise or relate to [the] Limited Warranty and/or the performance, condition, or design of the Home[s]" to be submitted to binding arbitration. Docket No. 99-1, p.2. Following the delivery and installation of their homes, Plaintiffs identified various manufacturing defects with their respective homes. Docket No. 93.

Consequently, on January 20th, 2023, the Smiths filed this lawsuit on behalf of themselves and their minor children in McCurtain County District Court, Oklahoma, against Oak Creek Homes, LLC, Nationwide Housing Systems, LLC d/b/a Oak Creek Home Center, Nationwide Housing Systems, L.P., and Oak Creek Homes of Fort Worth (collectively, the "Original Defendants"). Docket No. 2. Original Defendants removed this action to this Court on February 10th, 2023. Docket No. 2. On March 23, 2023, the Smiths filed their First Amended Complaint, in which they asserted the same claims, but added HSTR General Holdings, Inc., American Homestar Corporation, and 21st Mortgage Corporation as defendants. Docket No. 24. At the same time, the Smiths moved for leave to file a Second Amended Complaint seeking to add Plaintiffs: Jamie Ranford, Christopher

---

[3] Oak Creek Defendants have presented Arbitration Addendums executed between Nationwide Housing Systems, LP and the Somers (Docket No. 97-1, pp. 8-9) Ranford (Docket No. 97-1, pp. 11-12), and the Smiths (Docket No. 97-1, pp. 14-15). The Addendums provide that they are intended for and inure to the benefit of "the Parties, their successors, assigns, and affiliates, and additionally for the benefit of the manufacturer of the Home, and for the lender or mortgagee which provides the financing for the purchase of the Home, their successors, assigns, and affiliates, as fully as if the manufacturer and lender or mortgagee were signatories hereto." Docket No. 97-1, pp. 8-15. Adult Plaintiffs do not contest that they signed these agreements nor do they contest that they inure to the benefit of all Oak Creek Defendants.

and Lauren Somers, as husband and wife, and Christopher Somers as next of friend for minors S.R.G., D.J.G., W.C.S., and I.R.S. Docket No. 25.

Two months later, on May 24, 2023, Oak Creek Defendants moved to compel the Smith Plaintiffs to Arbitration pursuant to the Addendum. Docket No. 57. Subsequently, the Smith Plaintiffs were granted leave to amend and filed their Second Amended Complaint on September 5th, 2023, and their Third Amended Complaint on September 13, 2024.[4] Docket Nos. 69 & 70. Then, on September 18, 2023, Plaintiffs filed a motion for leave to file a fourth amended complaint and add new causes of action and two new defendants. Docket No. 88. On January 29, 2023, the Court granted Plaintiffs' motion with respect to the addition of new claims but denied it to the extent it sought to add defendants. Docket Nos. 88 & 92. Simultaneously, the Court denied Oak Creek Defendants' pending motion to compel the Smith Plaintiffs to arbitration in light of the additional Plaintiffs, Defendants, and claims that had been added since its filing. Docket Nos. 88 & 92. Oak Creek Defendants have now moved to compel the Adult Plaintiffs to arbitration while staying the claims asserted against the Minor Plaintiffs. Docket No. 97. For the reasons stated herein, the undersigned Magistrate Judge hereby recommends the Motion to Compel be GRANTED.

---

[4] Plaintiffs' Second Amended Complaint was ultimately stricken for not reflecting the proposed Second Amended Complaint as attached to their Motion for Leave. Docket No. 72. Accordingly, Plaintiffs filed a Third Amended Complaint. Docket Nos. 72 & 73.

## ANALYSIS

The arbitration provisions at issue come within the purview of both the Federal Arbitration Act ("FAA") and the Oklahoma Uniform Arbitration Act ("OUAA").[5] Docket No. 97-1, p. 11. ("The Parties acknowledge that this Agreement evidences a transaction involving interstate commerce. Any contests to the validity, applicability, or enforceability of this Agreement shall be determined by the provisions of the Oklahoma Uniform Arbitration Act."). *See also Comanche Indian Tribe of Okla. v. 49, LLC*, 391 F.3d 1129, 1131 (10th Cir. 2004) ("The FAA applies to all arbitration agreements 'involving commerce[.]'") (quoting 9 U.S.C. § 2). Both of which provide that an agreement to arbitrate is "valid, enforceable, and irrevocable except upon a ground that exists at law or in equity for the revocation of a contract." 12 O.S. § 1857; 9 U.S.C. § 2

"The Supreme Court has 'long recognized and enforced a liberal federal policy favoring arbitration agreements.'" *Nat'l Am. Ins. Co. v. SCOR Reinsurance Co.*, 362 F.3d 1288, 1290 (10th Cir. 2002) (quoting *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83 (2002)). Whether the parties have a valid arbitration agreement is a gateway matter which is "presumptively for courts to decide." *Oxford Health Plans LLC v. Sutter*, 569 U.S. 564, 569, n. 2 (2013). "[U]pon being satisfied that the making of the agreement for arbitration is not in issue . . . the Court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." 9 U.S.C. § 4.

---

[5] "The application of the OUAA and the FAA are not mutually exclusive." *Rogers v. Dell Computer Corp.*, 2005 OK 51, ¶ 3, 138 P.3d 826, 828 (citing *Volt v. Bd. of Trs. of the Leland Stanford Jr. Univ.*, 489 U.S. 468 (1989)).

"[T]he party moving to compel arbitration bears the initial burden of presenting evidence sufficient to demonstrate the existence of an enforceable agreement . . .; if it does so, the burden shifts to the nonmoving party to raise a genuine dispute of material fact regarding the existence of an agreement." *BOSC, Inc.* v. *Bd. of Cnty. Comm'rs of Cnty. of Bernalillo*, 853 F.3d 1165, 1177 (10th Cir. 2017) (citing *Hancock v. Am. Tel. & Tel. Co.*, 701 F.3d 1248, 1261 (10th Cir. 2012)). "When there is a genuine dispute of material fact[], district courts must 'proceed summarily to . . . trial' to resolve the factual disputes." *Ragab v. Howard*, 841 F.3d 1134, 1138 (10th Cir. 2016) (quoting 9 U.S.C. § 4). But, "when 'a quick look at the case' reveals that 'no material disputes of fact exist,' a district court may 'decide the arbitration question as a matter of law through motions practice and viewing the facts in the light most favorable to the party opposing arbitration." *BOSC*, 853 F.3d at 1177 (quoting *Howard v. Ferrellgas Partners*, 748 F.3d 975, 978 (10th Cir. 2014)).[6]

"A motion to compel arbitration calls for a two-step inquiry concerning the arbitrability of the dispute: (1) whether there is a valid arbitration agreement, and (2) whether the particular dispute falls within the scope of that agreement." *Williamson v. Dillard's Inc.*, 2019 WL 1338409, at *2 (N.D. Okla. Mar. 25, 2019) (citing *AT&T Techs., Inc. v. Comm's Workers of Am.*, 475 U.S. 643, 648 (1986)). In this case, the parties do not dispute that Adult Plaintiffs claims fall within the scope of both the Addendum and the Warranty Arbitration Clause. The sole issue raised by the parties' briefing is whether the arbitration agreements are enforceable. Plaintiffs challenge the arbitration provisions on four bases:

---

[6] Here, a "quick look at the case" does not reveal any material dispute of facts.

(1) the arbitration agreements are unenforceable due to lack of mutual assent and consideration; (2) Oak Creek Defendants waived their right to arbitration through their litigation conduct; and (3) the McCarran-Ferguson Act reverse preempts the FAA and Oklahoma law renders the arbitration agreements void; and (4) the Minor Plaintiffs cannot be compelled to arbitration;  The undersigned Magistrate Judge finds Plaintiffs' challenges unpersuasive and recommends the Motion to Compel Arbitration be granted.

## I.    Conflicting Arbitration Agreements

Plaintiffs first challenge the formation of the arbitration agreements by asserting the arbitration provisions are unenforceable for want of mutual assent and consideration. Oak Creek Defendants bear the burden of demonstrating the existence of a valid arbitration agreement. *BOSC*, 853 F.3d at 1177 (10th Cir. 2017). In determining whether a party has agreed to arbitration, the Court applies "ordinary state-law principles that govern the formation of contracts." *Walker v. BuildDirect.com Techs., Inc.*, 733 F.3d 1001, 1004 (10th Cir. 2013)).

For a contract to be enforceable, Oklahoma law requires a "meeting of the minds on all essential terms of the contract." *S. Cent. Indus, v. Kerrtas Mktg., LLC*, 2022 WL 1518935, at *2 (W.D. Okla. Feb. 7, 2022) (quoting *Young v. Chappell*, 2010 OK CIV APP 76, ¶ 8, 239 P.3d 476, 479). Courts have found conflicting arbitration provisions unenforceable for a lack of a meeting of the minds where agreements contain multiple arbitration provisions that are "too plagued with confusing terms and inconsistencies to put a reasonable consumer on fair notice of their intended meaning." *NAACP of Camden Cnty. E. v. Foulke Mgmt. Corp.*, 24 A.3d 777, 794 (N.J. Super. Ct. App. Div. 2011); *Ragab v. Howard*, 841

F.3d 1134, 1138 (10th Cir. 2016) ("Thus, the conflicting details in the multiple arbitration provisions indicate that there was no meeting of the minds with respect to arbitration. . . . [T]here is no language in the six agreements that suggests one contract overrides the others, and we cannot arbitrarily pick one to enforce because doing so could violate the other five.").

Plaintiffs assert the Addendum and Warranty Arbitration Clause conflict regarding: (1) the venue for proceedings incidental to litigation; (2) the choice of law to be applied in arbitration; and (3) the city in which arbitration proceedings are to occur. The undersigned Magistrate Judge finds these three propositions unpersuasive and concludes that a meeting of the minds occurred as to arbitration.

First, Plaintiff contends the Warranty Arbitration Clause and the Addendum conflict regarding where proceedings incidental to arbitration will be held. The Warranty Arbitration Clause states, "the Parties irrevocably submit to the exclusive jurisdiction of the Federal and State Courts sitting in Houston, Texas incident to an[y] such arbitral proceedings." Docket No. 99-1, p. 2. Conversely, the Addendum is silent as to where any proceedings incidental to arbitration must be brought. *See* Docket No. 99-3. Thus, viewing the Contracts as a whole, there is no conflict in this respect.

Second, Plaintiff asserts the two provisions conflict as it pertains to the choice of law. The Addendum provides that the "[t]he procedural law governing arbitration shall be the laws of Oklahoma; the substantive law shall be the laws of Oklahoma, including applicable federal law." Docket No. 97-1, p. 11. However, the Warranty Arbitration Clause does not

8

specify what jurisdiction's law is to be applied. *See* Docket No. 99-3. Again, this language does not reveal any conflict.

Third and finally, as it pertains to the city where arbitration proceedings are to be held, the Warranty Arbitration Clause provides, "Arbitration proceedings will be held in Houston, Texas, or any other place agreed upon by the parties[.]" Docket No. 99-1, p. 3. Alternatively, the Addendum states, "Arbitration proceedings will be held in Tulsa or Oklahoma City, or any other place agreed upon by the Parties[.]" Docket No. 97-1, pp. 8-15. Here, Oak Creek Defendants contend that these two terms do not conflict as they permit the parties to conduct arbitration at "any other place agreed upon by the parties." Docket No. 102, pp. 4-6. In essence, Oak Creek Defendants request that the Court disregard the conflicting language and only consider that they had an agreement to agree on a location. However, "an 'agreement to agree' standing alone is too vague to be enforceable." *Am. Automated Theaters, Inc. v. Hudgins, Thompson, Ball & Assocs., Inc.*, 1973 OK CIV APP 15, ¶ 8, 516 P.2d 565, 567. Nonetheless, the undersigned Magistrate Judge finds that this term is not an essential term to the parties' agreement to arbitrate.

Plaintiffs, relying on *Ragab v. Howard*, 841 F.3d 1134 (10th Cir. 2016), assert the conflicting terms between the two agreements would prevent a reasonable consumer from understanding the terms and conditions of arbitration and, as such, compelling this matter to arbitration is improper. Docket No. 99, p. 4. In *Ragab* the arbitration clauses at issue were inconsistent or ambiguous on seventy-four occasions. *Ragab v. Howard*, 2015 WL 6662960, *5 (D. Colo. Nov. 2, 2015) ("Plaintiff has identified 74 independent ways in which the six arbitration clauses are not only ambiguous in relation to one another but also

inconsistent."). The District Court of Colorado found "the arbitration provisions . . . [were] too plagued with confusing terms and inconsistencies to put a reasonable consumer on fair notice of their intended meaning" and specifically highlighted that the arbitration provisions conflicted regarding the governing rules, the day by which arbitration was to be initiated, and which party was responsible for arbitration fees. *Ragab*, 841 F.3d at 1138. Ultimately, the Tenth Circuit affirmed concluding that the parties did not have a meeting of the minds with respect to arbitration because the parties did not agree upon all essential terms and to arbitrarily enforce one of the six arbitration agreements could violate the other five. *Id.* at 1138 (internal citations omitted) (alterations in original).

Plaintiffs identified only a single conflict between the two arbitration provisions—the city in which arbitration is to occur. This conflict alone, does not plague the arbitration provisions to such an extent that a reasonable consumer would not be put on fair notice of their intended meaning. Additionally, although Oklahoma courts have not identified the essential terms of an arbitration agreement, other states within the Tenth Circuit have concluded that the essential terms include: (1) an intent to arbitrate; (2) the scope of arbitration; (3) whether arbitration is binding on the parties; and (4) the governing rules of arbitration. *Naizgi v. HSS, Inc.*, 685 F. Supp. 3d 1015, 1022-23 (D. Colo. 2023) (citing *Vescent, Inc. v. Prosun Int'l, LLC*, 2010 WL 4658862, at * 3 (D. Colo. Nov. 9, 2010)) (applying Colorado law); *Williams v. Alumni v. Ass'n of Univ. of Kan.*, 2008 WL 3367599, at *3-4 (Kan. App. Aug. 8, 2008). Thus, the undersigned Magistrate Judge finds that the location at which arbitration is to occur is not an essential term to an agreement to arbitrate. *See also Bristol v. Securitas Sec. Servs. USA, Inc.*, 597 F. Supp. 3d 574, 579-80 (S.D.N.Y.

2022) (noting that non-essential terms, under New York law, include the location where arbitration is to be held); *Matter of Willis*, 944 F.3d 577, 582 (5th Cir. 2019) ("[T]he conflicting terms here aren't like the essential terms of price and rent. Instead, they concern such innocuities as the number of arbitrators, location, and fee shifting.") (applying Mississippi law). Moreover, the Court need not choose which arbitration provision to enforce as the AAA Commercial Arbitration Rules sets forth procedures by which this conflict may be resolved. *See* AAA, Commercial Arbitration Rules and Mediation Procedures, Rule 12(b) (2022) ("If the reference to a locale in the arbitration agreement is ambiguous, and the parties are unable to agree to a specific locale, the AAA shall determine the locale, subject to the power of the arbitrator to finally determine the locale."). Accordingly, the undersigned Magistrate Judge finds that there was a meeting of the minds between the Parties regarding arbitration.[7]

## II.   Waiver of Arbitration

Plaintiffs next contend that Oak Creek Defendants have waived their right to arbitration through their litigation conduct. Docket No. 99, pp. 6-8. As the party asserting waiver, Plaintiffs bear the "heavy burden of proof" and "questions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25, 103 S. Ct. 927, 941 (1983);

---

[7] To the extent Plaintiffs contend the Contracts and/or the arbitration provisions are unenforceable for want of consideration, the undersigned Magistrate Judge disagrees. Plaintiffs do not explain how the agreements lack consideration, and consideration appears on the face of the Contracts, the Addendum, and the Warranty Arbitration Clause. Thus, the undersigned Magistrate Judge finds the arbitration provisions and the Contracts were supported by consideration.

*Peterson v. Shearson/American Express, Inc.*, 849 F.2d 464, 467-68 (10th Cir. 1988) ("A party asserting waiver of arbitration has a heavy burden of proof.").

The Tenth Circuit has recognized that waiver may be either intentional, i.e., when a party intentionally disregards its right to arbitration, or waived through a party's conduct in litigation. *BOSC*, 853 F.3d at 1170. Whether such a waiver has occurred is determined on a case-by-case basis and, in determining whether a waiver has occurred, courts review several factors including:

> (1) Whether the party's actions are inconsistent with the right to arbitrate; (2) whether "the litigation machinery has been substantially invoked" and the parties "were well into preparation of a lawsuit" before the party notified the opposing party of an intent to arbitrate; (3) whether a party either requested arbitration enforcement close to the trial date or delayed for a long period before seeking a stay; (4) whether a defendant seeking arbitration filed a counterclaim without asking for a stay of the proceedings; (5) "whether important intervening steps . . . had taken place"; and (6) whether the delay "affected, misled, or prejudiced" the opposing party.

*Peterson,* 849 F.2d at 467-68 (quoting *Reid Burton Constr., Inc. v. Carpenters Dist. Council of S. Colo.*, 614 F.2d 698, 702 (10th Cir. 1980)). *See also Booker v. Sumner*, 2001 OK CIV APP 22, 19 P.3d 904. These factors are not to be considered mechanically but are to guide courts in determining whether a party has waived its right to arbitration. *Hill v. Ricoh Ams. Corp.*, 603 F.3d 766, 773 (10th Cir. 2010). Moreover, "[a]n important consideration in assessing waiver is whether the party now seeking arbitration is improperly manipulating the judicial process." *Id.*

The undersigned Magistrate Judge finds that Oak Creek Defendants have not waived their right to arbitration. Oak Creek Defendants have taken some actions inconsistent with their right to arbitrate by removing this action to this Court, issuing discovery requests, and

by requesting to depose Plaintiffs and inspect their homes. Docket No. 99. However, the amount of discovery conducted to date appears to be minimal and does not compel a finding that Defendants have waived their right to arbitration. *See Cason v. Conoco Pipeline Co.*, 280 F. Supp. 2d 1309, 1323 (N.D. Okla. 2003) (concluding no waiver of right to arbitrate despite defendant conducting a deposition of Plaintiff and the parties exchange of interrogatories and requests for production because Plaintiff failed to demonstrate prejudice even though some of the discovery conducted was not permitted in arbitration.). Additionally, Defendants have taken actions consistent with arbitration. Particularly, Original Defendants first claimed that the Smith Plaintiffs' claims were subject to arbitration in their initial Answer which was filed on February 16, 2023. Docket No. 6. Then, in May 2023, three months after this action was removed to this Court and several months prior to the close of discovery and trial, the Oak Creek Defendants filed their initial Motion to Compel the Smith Plaintiffs to Arbitration. Docket No. 57.

After their Motion to Compel the Smith Plaintiffs to Arbitration was deemed moot, Oak Creek Defendants filed the present motion to compel the Smiths, the Somers, and Ranford to arbitration. Docket No. 97. Although the present motion was filed approximately fourteen months after this action was commenced, "length of time in itself does not establish waiver[,]" very little progress has occurred in this matter since its inception, and no trial date is currently set. *Hill*, 603 F.3d at 775; *Howell's Well Serv., Inc. v. Focus Grp Advisors, LLC*, 2021 OK 25, ¶ 4, 507 P.3d 623, 626 ("Over the next seventeen months, very little activity occurred in the case until Defendants/Appellants filed a motion to compel arbitration and stay the case. None of the minimal case activity to date had been

13

initiated by or involved Defendants/Appellants."). Indeed, substantively, Oak Creek Defendants filed only a motion to dismiss the claims asserted by the Smith's minor children, which as discussed below, are nonsignatories to the arbitration agreements.

Plaintiffs contend that they have been prejudiced by Oak Creek Defendants' delay in compelling arbitration because "Defendants have directly caused Plaintiffs tens of thousands of dollars in litigation expenses . . . in needless motion practice." Docket No. 99, p. 7. However, this overlooks the fact that much of the delay, and the vast majority of the motion practice that has occurred in this case, has been the result of Plaintiffs' repeated attempts to amend their Complaint. Docket Nos. 24, 25, 70, 74, 77, & 93. Thus, any prejudice Plaintiffs may have suffered, is not due to Oak Creek Defendants. *See Howell's Well Service Inc.*, ¶ 21, 507 P.3d at 629.

Plaintiffs also argue they have been prejudiced because, should this case be compelled to arbitration, "pursuant to the AAA commercial rules (mandated in the Addendum), certain limitations would be placed on discovery because the standard is narrower than the Federal Rules of Civil Procedure. Further, should the arbitrator determine the 'expedited' rules of arbitration should apply . . . "no other discovery [other than the exhibits intended to be used at trial] shall be permitted." Docket No. 99, p. 8. (alterations in original). Notably, unless the parties agree otherwise, it does not appear the expedited rules of arbitration would apply in this matter. *See* AAA, Commercial Arbitration Rules and Meditation Procedures, Rule 1(b). ("Unless the parties agree otherwise, these [Expedited] Procedures will not apply in cases involving more than two parties." Furthermore, Plaintiffs do not state whether: (1) they responded to any of Oak Creek Defendants'

14

discovery requests; (2) any depositions have occurred; or (3) Oak Creek Defendants inspected their homes. *See* Docket No. 99. Oak Creek Defendants indicate that they have not received any responses to their discovery requests but do not address whether any depositions or inspections have occurred. Docket No. 102.

The "heavy burden" is on Plaintiff to demonstrate that Oak Creek Defendants have waived their right to arbitrate, however, presuming Plaintiffs did respond to Oak Creek Defendants' discovery requests, there is no evidence here that such discovery would not be available in arbitration and engaging in minimal discovery does not itself justify waiver. *See* AAA, Commercial Arbitration Rules and Mediation Procedures, Procedure 2 (2022); *Hill*, 603 F.3d at 776 ("Mr. Hill has not satisfied his burden to show that the contents of his initial disclosures under Rule 26 would not likewise have to be disclosed in arbitration proceedings."); *Patten Grading & Paving, Inc. v. Skanska USA Bldg, Inc.*, 380 F.3d 200, 206-07 (4th Cir. 2004) ("[T]he parties' discovery efforts were confined to exchange of interrogatories and requests for production of documents; significantly, the parties had not noticed depositions. . . . The minimal nature of the discovery conducted in this case falls well within the scope of discovery we have previously found insufficient to establish prejudice. Further, Patten fails to demonstrate that Skanska availed itself of discovery procedures unavailable in arbitration or gained a strategic advantage through its discovery requests."). Accordingly, the undersigned Magistrate Judge finds Plaintiffs have failed to satisfy their "heavy burden" of proof that Oak Creek Defendants waived their right to arbitration as they have shown no prejudice as a result of the delay or the limited discovery

15

conducted in this matter, and there is no evidence that Oak Creek Defendants have improperly manipulated the judicial process.

### III. McCarran-Ferguson Act

Next, Plaintiffs assert that that the Addendum and Warranty Arbitration Clause are unenforceable because the arbitration provisions are unenforceable under Oklahoma law. Although the FAA generally "preempts any state law limiting the enforcement of arbitration[,]" *Sparks v. Old Republic Home Protection Co., Inc.*, 2020 OK 42, ¶ 15, 467 P.3d 680, 686, the McCarran-Ferguson Act ("MFA") "authorizes 'reverse preemption' of generally applicable federal statutes by state laws enacted for the purpose of regulating the business of insurance." *ESAB Group, Inc. v. Zurich Ins. PLC*, 685 F.3d 376, 380 (4th Cir. 2012); 15 U.S.C. § 1012. Oklahoma has enacted such a statute which provides in pertinent part, "[t]he Uniform Arbitration Act shall not apply to collective bargaining agreements and contracts which reference insurance, except for those contracts between insurance companies." 12 O.S. § 1855(D); *Choctaw Nation of Okla. v. Robins & Morton Corp.*, 2022 OK CIV APP 22, ¶ 14, 513 P.3d 563, 567. ("The Oklahoma Supreme Court in *Sparks* . . . thoroughly analyzed Section 1855(D) alongside the FAA and McCarran-Ferguson Act and held 'that § 1855 . . . is a state law enacted for the purpose of regulating insurance, and thus, the McCarran-Ferguson Act applies precluding the Federal Arbitration Act from preempting conflicting state law.'") (quoting *Sparks*, ¶ 35, 467 P.3d at 691).

Plaintiffs contend the Contracts reference insurance because: (1) they contain an extended warranty by virtue of the "Home Guard 7-Year Home Service Registration"; and (2) insurance was an integral part of the Contracts since Plaintiffs were forced to purchase

insurance through an entity affiliated with Oak Creek Defendants. The undersigned Magistrate disagrees and finds the Contracts do not "reference insurance."

To determine whether a contract "references insurance" within the meaning of Section 1855(D), the nature of the contract as a whole must be examined. *Choctaw*, ¶¶ 15, 513 P.3d at 568. ("Having determined that Section 1855(D) reverse preempts the FAA . . . the *Sparks* Court transitioned to 'look more closely at the nature of the home warranty before [it] and examine[d] its *nature* in light of guidelines from the Supreme Court of the United States, Oklahoma statutes defining 'insurance,' and the wisdom of other Courts.'") (quoting *Sparks*, ¶ 36, 467 P.3d at 688). The nature and primary function of the Contracts was to engage Oak Creek Homes, LLC, to manufacture, deliver, and install modular homes for Plaintiffs. *See* Docket No. 97-1, pp. 4-6. "Although procurement of insurance . . . would ultimately result in risks being shifted, such adjustment of risks was not, under any fair reading, the primary function or nature of the Contract[s]." *Choctaw*, ¶ 17, 513 P.3d at 568. This is true despite Plaintiffs' allegation of being forced to purchase insurance through an affiliated entity of Oak Creek Defendants because, although such an action may be actionable, it does not change the nature or primary purpose of the Contracts. Likewise, the inclusion of the Home Guard 7-Year Home Service Registration does not change the nature or primary function of the Contracts.

Plaintiffs attempt to distinguish the present case from *Choctaw* by asserting that the COCA found the construction management contract at issue therein did not reference insurance because the court determined insurance was not central to the procurement of said contracts. However, the COCA did indicate that insurance was required and concluded

17

that "the Oklahoma Supreme Court has not found that 12 O.S. § 1855(D) works to void any contract like the one at issue here—that is, a contract **containing requirements to secure specific types of insurance** and bonds, but unequivocally formed to govern a relationship between an owner and a construction manager." *Id.* ¶ 15, 513 P.3d at 568. (emphasis added). The COCA further reasoned the FAA may be reverse preempted by 12 O.S. § 1855(D) only if it is interpreted to regulate or tax the business of insurance, otherwise "Section 1855(D) would not, in context, be a law enacted for the purpose of regulating the business of **insurance**; it would at least in part be a law regulating the business of construction, given this dispute centers on a construction management contract[.]" *Id.* ¶ 13, 513 P.3d at 567. (emphasis in original). Similarly, if Section 1855(D) were applied as proffered by Plaintiffs in this case, it would at least, in part, be a law regulating the modular/manufactured home business rather than the business of insurance. Thus, the undersigned Magistrate Judge finds that the Contracts do not reference insurance within the meaning of 12 O.S. § 1855(D), and therefore the Addendum and Warranty Arbitration Clause remain enforceable.

**IV.   The Minor Plaintiffs and 21st Mortgage Corporation**

Lastly, Plaintiffs assert that the Minor Plaintiffs cannot be compelled to arbitrate their claims against Oak Creek Defendants because they are non-signatories to the Contracts. Docket No. 99, p. 5. The Oak Creek Defendants do not contest this, and their Motion does not seek to compel the Minor Plaintiffs' claims to arbitration. Instead, Oak Creek Defendants request Minor Plaintiffs' claims be stayed pending arbitration of the Adult Plaintiffs' claims. Docket No. 97. On this note, Plaintiffs assert that such action is

"absolutely preposterous and highly prejudicial to the Plaintiffs." Docket No. 99, pp. 5-12. However, Plaintiffs neither explain how such a result is prejudicial nor do Plaintiffs point to any authority indicating that compelling the Adult Plaintiffs to arbitration and staying this litigation is improper. Indeed, staying any remaining claims pending resolution of arbitration is routine. 9 U.S.C. § 3 ("[U]pon being satisfied that the issue involved . . . is referable to arbitration . . . [the court] shall on application of one of the parties stay the trial of the action until such arbitration has been had[.]"); *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 21, n. 23 ("In some cases, of course, it may be advisable to stay litigation among the non-arbitrating parties pending the outcome of the arbitration. That decision is one left to the district court . . . as a matter of its discretion to control its docket."). Thus, the undersigned Magistrate Judge recommends that the Minor Plaintiffs claims be stayed pending resolution of arbitration. Similarly, it is further recommended that Adult Plaintiffs and Minor Plaintiffs claims against Defendant 21st Mortgage Corporation also be stayed pending the outcome of arbitration.

## CONCLUSION

Accordingly, the undersigned Magistrate Judge hereby RECOMMENDS that Defendants' Supplemental Motion to Compel Arbitration as to the Smith Plaintiffs and Initial Motion to Compel Arbitration as to the Ranford and Somers Plaintiffs and Brief in Support [Docket No. 97] be GRANTED and Adult Plaintiffs' claims against Oak Creek Defendants be compelled to arbitration. It is further RECOMMENDED that the Minor Plaintiffs' claims against all Defendants and all Plaintiffs' claims against 21st Mortgage Corporation be stayed pending the resolution of any arbitration proceedings. Any

objections to this Report and Recommendation must be filed within fourteen days, or by July 10, 2024. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Any objection and response shall each be limited to 10 pages and a reply is permitted only with leave of court upon a showing of good cause.

    IT IS SO ORDERED this 26th day of June, 2024.

                                            **GERALD L. JACKSON**
                                            **UNITED STATES MAGISTRATE JUDGE**